UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNHO HYON, | No. 2:16-cv-2624 TLN AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| GOVERNOR JERRY BROWN; STATE OF CALIFORNIA, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure

1

1  ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at
2  www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.
3  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain
4  statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court,
5  rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to
6  relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.
7  Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly.
8  Rule 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper
9  way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento,
10 CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
13 court will (1) accept as true all of the factual allegations contained in the complaint, unless they
14 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
15 plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327;
16 Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at
17 Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler,
18 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions
19 cast in the form of factual allegations, or allegations that contradict matters properly subject to
20 judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981);
21 Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187
22 (2001).

23       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
24 Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may
25 only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
26 of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th
27 Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an
28 ///

opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### A.  The Complaint

Plaintiff has named "Governor Jerry Brown" and "State of California" as the sole defendants in this lawsuit.  Complaint (ECF No. 1) at 2 ¶ I.  The complaint alleges two state claims, namely, negligence and constructive fraud.  Complaint at 13-14.

The allegations of the complaint are taken as true only for purposes of this screening.  It appears that plaintiff's troubles began with a state court lawsuit involving a "Short Form Deed of Trust and Assignment of Rent" in July 2013.  Complaint at 2 ¶ 6.  At a hearing on the matter before "Judge Scott Kays ('Kays') of Superior Court of Solano County," plaintiff argued that the deed was "bogus."  Id.  However, Judge Kays ruled against plaintiff, and in doing so, ignored the crimes of his lawyers in filing the bogus deed, issued "fabricated" statements and "fabricated false evidence."  Id.

Plaintiff notified Governor Brown of Judge Kays's actions, but the Governor "has neglected to amend wrongful conduct of Judge Scott Kays …."  Id. at 2 ¶ 4.  Plaintiff "filed a complaint against Judge Kays for his ruling on the deed with Commission on Judicial Performance," but the Commission rejected his complaint.  Id. at 4 ¶ 10.  Governor Brown, although aware of these facts, "neglected to amend the commission's wrongful conduct."  Id.  Plaintiff alleges that Governor Brown also failed to amend various other wrongful acts (or wrongful failures to act) by his lawyers Jeffrey W. Shopoff, Philip C. Putnam, Robert Stumpf and Harold Light, Shopoff's lawyer Ronald Mallen, court-appointed receiver Donald Savage and his lawyer Michael Donner, Judge Curtis Karnow of San Francisco Superior Court, the U.S. Internal Revenue Service, the San Francisco Police Department, the State Bar, the "Attorney General" and the District Attorney of Solano County.  Complaint at 4-12.

### B.  Analysis

This court lacks jurisdiction over this lawsuit, and accordingly it must be dismissed.  First, the complaint does not allege the basis for federal jurisdiction (that is, why the lawsuit is brought in this court rather than in a state court), and no facts appear in the complaint from which federal

1  jurisdiction may be inferred.  Specifically, the only claims alleged in the complaint are state law
2  claims, as no federal law claims are alleged or otherwise appear from the facts alleged.
3  Moreover, there are no facts alleged that would support a finding of "diversity" jurisdiction, the
4  basis of federal jurisdiction for purely state claims filed in federal court.  See 28 U.S.C. § 1332.

5      Second, the only two defendants in this action are both immune from this suit, which
6  seeks $30 million in damages.  Because the Governor's liability is predicated solely upon his
7  failure to carry out what plaintiff perceives to be his duties as governor, he is immune from a
8  damages lawsuit in this court.  See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris,
9  729 F.3d 937, 943 (9th Cir. 2013) ("Governor Brown is entitled to Eleventh Amendment
10 immunity" where the lawsuit is based on "his general duty to enforce California law"), cert.
11 denied, 135 S. Ct. 398 (2014).  The State of California is also immune from a damages lawsuit in
12 this court.  Id. ("States are protected by the Eleventh Amendment from suits brought by citizens
13 in federal court") (internal quotation marks omitted).  There are no facts alleged in the complaint
14 that would provide a basis for an exception to either defendants' immunity.

15     II.  AMENDING THE COMPLAINT

16     If plaintiff chooses to amend his complaint, the amended complaint must allege facts
17 establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain
18 statement of plaintiff's claims.  The allegations of the complaint must be set forth in  sequentially
19 numbered paragraphs, with each paragraph number being one greater than the one before, each
20 paragraph having its own number, and no paragraph number being repeated anywhere in the
21 complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.
22 Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the
23 proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
24 Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

25     Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid
26 narrative and storytelling.  That is, the complaint should not include every detail of what
27 happened, nor recount the details of conversations (unless necessary to establish the claim), nor
28 ///

4

give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. The complaint (ECF No. 1) is DISMISSED because it fails to allege federal jurisdiction, and names only defendants who are immune from suit.

///
///
///
///

3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED:  November 21, 2016.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE